**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**MICHAEL HICKS, on his own behalf and others similarly situated,**

    Plaintiff,

vs.

**BRANDSMART U.S.A. of GEORGIA, LLC, a Limited Liability Company**

    Defendant.                    /

Case No.:

## PLAINTIFF'S COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, MICHAEL HICKS ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated ("Plaintiffs"), by and through the undersigned counsel, and files Plaintiff's Complaint against Defendant, BRANDSMART U.S.A. of GEORGIA, LLC, a Limited Liability Company ("BRANDSMART"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as this is a claim for Unpaid Overtime brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to recover overtime wages, an additional and equal amount

in liquidated damages, and attorneys' fees and costs.

2. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

3. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as these claims arise under 29 U.S.C. §216(b), 29 U.S.C. §215(a) and 28 U.S.C. §§ 2201-2202.

## PARTIES

4. At all times material hereto, Plaintiff was and continues to be a resident of Gwinnett County, Georgia.

5. At all times material hereto, Defendant BRANDSMART was, and continues to be, a Limited Liability Company. Further, at all times material hereto, Defendant BRANDSMART was, and continues to be, engaged in business as an appliance and electronics retail store with locations in Florida and Georgia and a principle place of business located in Broward County, Florida.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

   a. Operated instrumentalities of commerce;

   b. Used channels of commerce;

   c. Communicated across state lines; and/or

   d. Performed work essential to any of the preceding activities.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

9. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA and Defendant continues to be an "employer" within the meaning of FLSA.

10. At all times material hereto, Defendant BRANDSMART was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant is in excess of $500,000.00 per annum during the relevant time periods.

12. The additional persons who may become Plaintiffs in this action "worked" for Defendant, held similar positions to Plaintiff, and worked in excess of forty (40) hours during one or more work weeks during the relevant time periods, and did not receive pay at one and one-half times their regular rate of pay for their hours worked in excess of forty (40) hours.

13. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

14. Defendant hired Plaintiff to work as a non-exempt hourly paid "home theatre installer" from August 2011 through December 2011.

15. At the start of his employment, Plaintiff was paid per installation. During the course of his employment, Plaintiff's payment method was revised, and he was paid $21.00 for each hour that he worked for Defendant.

16. Plaintiff's job was to arrange for installment, and physically install home theatre combinations that Defendant's customers would buy and pay to have installed.

17. From at least August 2011 and continuing through September 2012, Defendant failed to properly compensate Plaintiff. He received no premium compensation at a rate of one and one-half times Plaintiff's regular rate of pay for hours worked in excess of forty (40) hours in the single work week. Plaintiff was only paid for 40 hours of work at his regular rate of pay. Plaintiff was not compensated for "off the clock" work he was preforming while arranging for installations.

18. The additional persons who may become plaintiffs in this action are

employees who held positions similarly situated to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate of pay for their "off the clock" hours worked in excess of forty (40) hours.

19. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

20. Defendant has violated Title 29 U.S.C. §207 from at least August 2011 and continuing through September 2012 in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of his employment with Defendant;

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendant has failed to maintain proper time records as mandated by the FLSA.

21. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

22. Defendant refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

23. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent him in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

## COUNT I
## UNPAID OVERTIME WAGES

24. Plaintiff realleges and incorporates paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. From at least August 2011 and continuing through September 2012, Plaintiff worked in excess of forty (40) hours per week during one or more weeks of his employment for which he was not compensated at the statutory rate of one and one half times Plaintiff's regular rate of pay.

26. Plaintiff and others similarly situated were, and are, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours each work week.

27. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

28. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the

statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was, and is, due.

29.     Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

30.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

31.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

32.     At all times material hereto, Defendant failed to comply with Title 29 and the United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decisions that intentionally provided for the compensation of such employees at a rate less than time and one half for his overtime hours.

33.     Based upon information and belief, both current and former employees of Defendant similarly situated to Plaintiff were not, and are not, being paid proper overtime for hours worked in excess of forty (40) in one or more work weeks.

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## DECLATORY RELIEF

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33 above.

35. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

36. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

37. Plaintiff may obtain declaratory relief.

38. Defendant employed Plaintiff.

39. Defendant is an enterprise covered by the FLSA.

40. Plaintiff was individually covered by the FLSA.

41. Plaintiff, and others similarly-situated, are entitled to overtime wages pursuant to 29 U.S.C. §207.

42. Defendant did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

43. Plaintiff, and other similarly-situated employees, are entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

44. The damages suffered by Plaintiff and others similarly situated are ongoing.

45. Plaintiff, and others similarly-situated, will suffer future damages for which there is no adequate remedy at law.

46. Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

47. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

48. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff, respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime

provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Granting Plaintiff and Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 216(b) and/or FRCP 23, to those similarly situated to Plaintiff;

g. Ordering any other further relief this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

DATED this 3rd day of May, 2013.

Respectfully Submitted,

**/s/ Justin Miller**
Justin Miller, Esq.
Georgia Bar No.: 001307
Morgan & Morgan, P.A.
191 Peachtree Street NE, Suite 4200
Atlanta, GA 30303
Telephone: (404) 965-8811
Facsimile: (404) 965-8812
Email: jmiller@forthepeople.com
*Attorney for Plaintiff*